J-S53038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL BARONI | : | |
| | : | |
| Appellant | : | No. 637 EDA 2018 |

Appeal from the PCRA Order January 26, 2018
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0000845-1982

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:         **FILED SEPTEMBER 05, 2018**

Appellant, Michael Baroni, appeals *pro se* from the order entered in the Delaware County Court of Common Pleas, which denied his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On October 6, 1982, a jury convicted Appellant of two counts of second-degree murder and other offenses.  The court imposed concurrent terms of life imprisonment on April 7, 1983, for the murder convictions and lesser terms of imprisonment for the other offenses.  This Court affirmed the judgment of sentence on March 22, 1985, and our Supreme Court denied allowance of appeal on October 4, 1985.  **See Commonwealth v. Baroni**, 494 A.2d 475 (Pa.Super. 1985), *appeal denied*, ____ Pa. ___, ____ A.2d ____ (1985).

Thereafter, Appellant unsuccessfully litigated numerous petitions for collateral relief.  On December 27, 2017, Appellant filed the current serial *pro*

_____

* Retired Senior Judge assigned to the Superior Court.

*se* PCRA petition. The court issued appropriate notice per Pa.R.Crim.P. 907 on January 5, 2018. Appellant responded *pro se* on January 25, 2018, and the court denied PCRA relief on January 26, 2018. Appellant timely filed a *pro se* notice of appeal on February 16, 2018. On March 5, 2018, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant complied.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on December 3, 1985, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. ***See*** U.S.Sup.Ct.R. 20.1 (effective August 1, 1984; allowing 60 days to file petition for writ of *certiorari*). Appellant filed the current PCRA petition on December 27, 2017, which is patently untimely.

*See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "newly-discovered facts" exception to the statutory time-bar per Section 9545(b)(1)(ii), claiming he received an article from his sister on October 30, 2017, authored by the MacArthur Foundation Research Network discussing new "brain science" that was not available at the time of Appellant's trial. Specifically, Appellant contends the article opines a person is not considered an "adult" until age 25; because Appellant was 23 at the time of his offenses, he suggests this "brain science" could have permitted him to pursue a diminished capacity defense at trial and renders his life imprisonment sentence illegal. Appellant further posits that nothing in *Miller* or *Montgomery*[1] precludes extending the holding of those decisions to individuals who committed their crimes between ages 18 and 24. Appellant insists he is not relying on the judicial decisions themselves to satisfy the "newly-discovered facts" exception but the "brain science" discussed in those cases. Nevertheless, this Court has previously rejected the controversial argument that relief under *Miller* and *Montgomery* should extend to individuals up to 25 years old, because the brain is not developed fully until

---

[1] *See Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding sentence of mandatory life imprisonment without possibility of parole, for those under age of 18 at time of their crimes, violates Eighth Amendment's prohibition on cruel and unusual punishments) and *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding *Miller* applies retroactively to cases on state collateral review).

that age.  ***See Commonwealth v. Furgess***, 149 A.3d 90 (Pa.Super. 2016) (holding appellant who was 19 years old at time of offenses was not entitled to relief under ***Miller*** and ***Montgomery*** on collateral review; rejecting "technical juvenile" argument).  Therefore, Appellant's current petition remains untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/5/18